# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ARTURO ARMENTA-ROSALES; CUBERTO CHAVEZ ABARCA; ORLANDO SEGURA ERAZO; MARIO IGNACIO MONTES ROCHA; MARCOS ANTONIO PINEDA; RODOLFO VILLANUEAVA-CONTRERAS,<br><br>Petitioners,<br><br>v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security; et al.<br><br>Respondents. | Case No.: 25cv3505 DMS BLM<br><br>**ORDER GRANTING PETITIONERS' EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |

This case comes before the Court on Petitioners' ex parte motion for a temporary restraining order ("TRO"). Respondents filed an opposition to the motion, Petitioners filed a reply and a Notice of New Authority, and Respondents filed a Supplemental Brief.

The New Authority is an order issued by the United States District Court for the Central District of California in *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS-BFM, granting in part and denying in part the petitioners' ex parte application for reconsideration or clarification. In the order, the court granted the petitioners' request

for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b), and subsequently entered that judgment. *Maldonado Bautista*, ECF No. 94.[1]  In light of the entry of judgment, Respondents acknowledge Petitioners are entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a).  Accordingly, the Court grants Petitioners' ex parte application for a TRO.  Respondents are directed to arrange an individualized bond hearing for Petitioners before an immigration court within seven (7) days of this Order.  On or before **December 29, 2025**, the parties shall file a Joint Status Report confirming Petitioners have been provided with those bond hearings.  In that Report, the parties shall also provide their respective positions on whether a further order on the Petition is necessary or if the case may be dismissed as moot.

**IT IS SO ORDERED**.

Dated:  December 19, 2025

Hon. Dana M. Sabraw
United States District Judge

---

[1] Subsequent to entry of judgment, the respondents in *Maldonado Bautista* filed a Notice of Appeal. However, the Ninth Circuit has held the filing of an appeal does not suspend the preclusive effect of a lower court judgment. *Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1993) (citations omitted).